THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATRICIA LOUISA, an Infant, by Her Mother and Natural Guardian EILEEN LOUISA, Appellant, v. ALFRED FAELLA et al., Respondents.— In a habeas corpus proceeding to obtain custody of a child, the appeal is from an order of the Family Court, Kings County, dated November 19, 1970, which dismissed the writ and awarded custody of the child to respondents. Order reversed, on the law and the facts, without costs, writ sustained and custody of the child awarded to petitioner Patricia Louisa. On this record it is, to say the least, doubtful that the surrender by petitioner Patricia Louisa of her baby and her consent to the child's adoption were truly voluntary. If it be assumed that they were, the consent was effectively revoked by a request for the return of the baby less than 30 days after it was surrendered and the consent was signed. And in this contest between the natural parent (petitioner) and nonparents (respondents) we further find on this record that respondents did not sustain their burden of proving that petitioner abandoned the baby or is "unfit to assume the duties and privileges of parenthood", within the guidelines of People ex rel. Kropp v. Shepsky (305 N. Y. 465, 468) and People ex rel. Scarpetta v. Spence-Chapin Adoption Serv. (28 N Y 2d 185). (See, also, Matter of Anonymous, 60 Misc 2d 854; cf. People ex rel. Anonymous v. Anonymous, 10 N Y 2d 332.) Hence petitioner's writ should have been sustained and custody of the baby awarded to her. Rabin, P. J., Hopkins, Christ, Brennan and Benjamin, JJ., concur.

MONETARY FUND, INC., Appellant, v. KAISER ALUMINUM AND CHEMICAL CORPORATION, Defendant, and GUINNESS MAHON & CO., LTD., Respondent.—

No opinion. Martuscello, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Benjamin, J., concurs on the ground that appellant has no capacity to sue.

MICHEL MOSALLEM, Appellant, v. SLATTERY CONSTRUCTION CO., INC. et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated January 20, 1971, as, upon reconsideration, adhered to the original decision denying his application for a general trial preference. Order reversed insofar as appealed from, with $10 costs and disbursements, and application granted. In our opinion, the uncontradicted facts are sufficient to warrant retention of the case in the Supreme Court (Jay v. Glassman, 34 A D 2d 647). Hopkins, Acting P. J., Munder, Latham, Christ and Brennan, JJ., concur.